Lofton v. Lofton

———————

DAVID E. LOFTON v. ETHEL LOFTON

No. 848DC258

(Filed 4 December 1984)

**Divorce and Alimony § 30— dismissal of equitable distribution—premature**

> In an action for absolute divorce, the trial court lacked authority to consider and grant plaintiff's motions to strike and dismiss defendant's counterclaim for equitable distribution where the record contained no judgment of absolute divorce or any indication that such a judgment had ever been entered. Equitable distribution may not precede a decree of absolute divorce. G.S. 50-21(a) (Supp. 1983).

APPEAL by defendant from *Jones, Arnold, Judge*. Order entered 8 November 1983 in WAYNE County District Court. Heard in the Court of Appeals 15 November 1984.

Plaintiff husband, a retired military man, filed an action for an absolute divorce on 14 July 1983. Defendant wife answered and counterclaimed for equitable distribution, seeking at least 40% of plaintiff's annual military retirement pension. Pleading a prior judgment in an alimony action as a bar, plaintiff moved to dismiss and/or strike defendant's counterclaim. The trial court found that the prior judgment in the alimony action was a property settlement which precluded any equitable distribution. The court granted plaintiff's motions to strike and dismiss defendant's counterclaim and defendant appealed.

*Braswell, Taylor & Brantley, by Roland C. Braswell, for plaintiff.*

*Paul Jones for defendant.*

WELLS, Judge.

The Equitable Distribution Act specifically provides that where a divorce action and an application for equitable distribution are pending, "[t]he equitable distribution may not precede a decree of absolute divorce." N.C. Gen. Stat. § 50-21(a) (Supp. 1983). "Upon application of a party to an action for divorce, an equitable distribution of property shall follow a decree of absolute divorce." *Id.* The record in this case does not contain any judgment of absolute divorce, nor any indication that such a judgment ever has been entered in North Carolina or elsewhere.

On the present record, the trial court's dismissal of defendant's equitable distribution claim was premature. The trial court lacked authority to consider or grant plaintiff's motions. The order appealed from is therefore

Vacated.

Judges ARNOLD and BECTON concur.